UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER O. CATASTINI, | CASE NO. C10-5782-JCC |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jennifer O. Catastini proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED in part and REVERSED in part for further proceedings. Also, defendant's motion to strike (Dkt. 16 at 3) plaintiff's "Appendix of Documentary Evidence" (Dkt 12-1) is GRANTED for the reasons set forth below.

/ / /

/ / /

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1955.[1] She has at least a high school education and previously worked as a wallpaper hanger. (AR 23-24.)

Plaintiff filed an application for DIB on January 5, 2009, alleging disability beginning August 1, 2007. The onset date was subsequently amended to April 16, 2007. She is insured for DIB through March 31, 2011. (AR 14.) Plaintiff's application was denied at the initial level and on reconsideration. Plaintiff timely requested a hearing.

On March 2, 2010, ALJ Allen G. Erickson held a hearing by videoconference, taking testimony from plaintiff, a medical expert, and a vocational expert. (AR 30-84.) On March 24, 2010, the ALJ issued a decision finding plaintiff not disabled. (AR 14-25.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on August 21, 2010 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's status post mastectomies for cancer and lymphedema severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. § 404.1567(b) that does not require climbing of ladders, ropes, or scaffolds; does not require crawling; requires only occasional balancing; requires only occasional use of the right arm for any use in a right hand dominant person; and requires only occasional exposure to vibrations and hazards such as open machinery, open water, and open flames. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as a laboratory sample carrier, shipping and receiving weigher, and ticket taker, all classified as light in exertion and unskilled in level. When plaintiff became 55 years of age, she was classified as an individual of advanced age as defined by the regulations. Because of her reduced functional capacity, the ALJ found that the Medical-Vocational Rules supported a finding of disability after that birthday, continuing through the date of the decision.

01   This Court's review of the ALJ's decision is limited to whether the decision is in
02 accordance with the law and the findings supported by substantial evidence in the record as a
03 whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means
04 more than a scintilla, but less than a preponderance; it means such relevant evidence as a
05 reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881
06 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which
07 supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278
08 F.3d 947, 954 (9th Cir. 2002).

09   Plaintiff argues that the ALJ failed to properly evaluate the medical evidence, her
10 testimony, and the lay evidence, and erred in assessing her RFC. She argues that, as a result of
11 these errors, as well as errors in the vocational expert testimony, the ALJ's step five finding is
12 erroneous. She requests remand for an award of benefits or, alternatively, for further
13 administrative proceedings. She also asks this Court to order her previous application for
14 benefits to be reopened. The Commissioner opposes reopening the previous application for
15 benefits and argues that the ALJ's decision is supported by substantial evidence and should be
16 affirmed.

17                              Motion to Strike

18   As a preliminary matter, the Commissioner moves to strike Plaintiff's "Appendix of
19 Documentary Evidence" which was appended to Plaintiff's Opening Brief. (Dkt. 12-1.) The
20 Commissioner notes that counsel for plaintiff similarly filed a twenty four page brief and
21 nineteen page "appendix" in another recent case, *McCune v. Astrue*, No. C10-5074 (Dkt. 23), in
22 which counsel likewise asserted that the length and complexity of the case required the

additional briefing. Defendant disputed that characterization of the record in the *McCune* case, and does so here as well. In response, and in apparent accord with mathematician Blaise Pascal,[2] plaintiff's counsel filed a declaration describing the press of a heavy caseload and difficulties occasioned by a back injury. (Dkt. 19-1.)

This Court does not find justification for the filing of an over-length brief in either the length of the record or the nature of the issues presented. Nor would this Court have approved the filing of an "Appendix of Documentary Evidence" as a device for circumventing the Court's page-length restriction. Indeed, the Court notes that all of plaintiff's filings also violated Local Rule CR 10(e)(1) in the utilization of a 1.5 line format, rather than the required double spaced format, thus squeezing in even more words per page.

The Court has full access to the administrative record and all the hearing exhibits. A lengthy summary of the record by either party serves no useful function, and violates this Court's scheduling order. (Dkt. 7 at 2 ("**The parties shall not include a lengthy recitation of background facts or medical evidence. Rather, a discussion of the relevant facts should be included in the context of specific assignments of error.**") (emphasis in original).) Plaintiff's counsel has been similarly cautioned by this Court recently. *Standley v. Astrue,* C10-5725 (Dkt. 21 at 4); *Spencer v. Astrue,* C10-5661 (Dkt 19 at 4). Defendant's motion to strike (Dkt. 16 at 3) plaintiff's "Appendix of Documentary Evidence" (Dkt. 12-1) is GRANTED.

///

---

[2] "I have made this longer than usual, only because I have not had the time to make it shorter." Blaise Pascal, *Lettres Provinciales*, Letter XVI (1657).

Medical Opinion Evidence

Plaintiff argues that the ALJ failed to properly evaluate all of the medical evidence. This assignment of error is advanced by plaintiff by cataloguing items from the medical records that were not mentioned by the ALJ in the Decision. (Dkt. 12 at 8-12.) The Commissioner argues that plaintiff fails to present any substantive error in the ALJ's evaluation of the medical evidence, failing to explain why any of the omissions are significant, probative, or resulted in harmful error. The Court agrees with the Commissioner.

The ALJ need not discuss *all* evidence presented. Rather, the ALJ's responsibility is to "explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citing *Cotter v. Harris,* 642 F.2d 700, 706 (3d Cir. 1981)). The Court need not address an alleged assignment of error that is not argued with any specificity in the party's briefing. *Carmickle v. Commissioner,* 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Although plaintiff provides somewhat more specificity in her reply brief (Dkt 19), arguments raised for the first time in a reply brief are waived. *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("arguments not raised by a party in an opening brief are waived.") (citing *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).

Fundamentally, plaintiff asks for a different weighing of the evidence than that conducted by the ALJ. However, the findings of the Commissioner, if supported by substantial evidence, "shall be conclusive." *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir. 1996); *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). Plaintiff has not established error in the ALJ's consideration of the medical opinion evidence.

/ / /

## Credibility

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). *See also Thomas*, 278 F.3d at 958-59. In finding a social security claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997). Another sufficient basis for rejecting claimant's subjective testimony is contradiction with the medical record. *Carmickle*, 533 F.3d at 1161.

Plaintiff argues that the ALJ fails to explain which parts of her testimony he found not credible, citing the ALJ's finding that plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not credible prior to January 26, 2010 to the extent they are inconsistent with the above residual functional capacity assessment." (Dkt. 12 at 14 (citing AR 19-20)). Plaintiff, however, misconstrues the excerpted finding, as the

REPORT AND RECOMMENDATION
PAGE -7

ALJ goes on to explain the basis for the credibility assessment for several additional pages of the decision. (AR 20-23.)

Plaintiff argues that the ALJ erred by rejecting her testimony because it was not supported by objective evidence, citing the rejection of "the objective evidence test" by this Circuit. (Dkt. 12 at 14 (citing, *inter alia, Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, the Court agrees with the Commissioner that the ALJ did not rely solely on a lack of supporting objective medical evidence to find plaintiff's reports of symptoms less than credible. The ALJ may properly consider the objective medical evidence in evaluating plaintiff's subjective complaints, so long as additional reasons are also provided. 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence of this type is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work…. However, we will not reject your statements…solely because the available objective medical evidence does not substantiate your statements."). In this case, the ALJ also cited reports by plaintiff to her providers indicating that her symptoms were less bothersome or did not prohibit her from engaging in a number of more vigorous activities, such as gardening, working as a landscaper, participating in a Pilates class, or taking multiple vacations, as well as other daily activities. (AR 21-23.)

The ALJ also cited a lack of compliance with treatment as relevant to the consideration of plaintiff's complaints of pain and subjective symptoms, noting that plaintiff was a "no show"

to a scheduled follow-up examination (AR 655) and citing her failure to use her pressure garment as advised, leading to increased right arm edema (AR 738). The ALJ noted that plaintiff's symptoms were alleviated when she was compliant with recommended treatment, acknowledging a relationship between plaintiff's lack of follow through with recommended treatment due to lack of medical insurance benefits, but nevertheless concluding that "an inability to afford treatment does not equate to a finding of disability." (AR 23.) Plaintiff disputes the reasonableness of the ALJ's reliance on these isolated instances, and the Commissioner concedes that the non-compliance was fairly minimal. However, the Commissioner argues that the ALJ appropriately observed that plaintiff's symptoms were alleviated when treatment recommendations were followed, finding this relevant to plaintiff's claims of inability to work. (Dkt. 16 at 11.)

Plaintiff also challenges the ALJ's finding that some of plaintiff's activities show a greater physical and mental functional ability than alleged, such as taking vacations, working in her garden, or her ability to shop, clean, and cook. Plaintiff argues that there is no showing she engaged in any inconsistent activities while on vacation, and urges the conclusion that her daily activities are not inconsistent with her testimony. In response, the Commissioner argues that it is not error for the ALJ to consider plaintiff's trips to Italy and Paris, or her ability to garden, shop, clean, and cook, as inconsistent with her testimony that she is so incapacitated as to be unable to perform the basic demands of work. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir. 2008) (finding travel to Venezuela for an extended time to undermine the plaintiff's credibility). The Commissioner argues that the Court should not second-guess the ALJ's evaluation of the evidence, so long as it is supported by substantial evidence. *Id. See also*

*Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1982) ("In reaching his findings, the [ALJ] is entitled to draw inferences logically flowing from the evidence.") The Commissioner argues that plaintiff misconstrues the purpose of the ALJ's consideration of these activities, noting the ALJ found a contradiction between plaintiff's ability to perform these activities and her assertion that she is not able to work. The Commissioner argues that the ALJ's conclusion was reasonable and should not be disturbed.

Plaintiff also argues that the ALJ failed to provide convincing reasons for finding her statements about her limitations not credible prior to January 26, 2010, but credible subsequent to that date. (Dkt. 19 at 8.) However, this argument misstates the ALJ's findings, which did not address plaintiff's credibility subsequent to the date in question. Because plaintiff had a change in age categories on that date, her limitation to less than light functional capacity rendered her disabled under the Medical-Vocational Guidelines thereafter. (AR 23.)

The Court finds the ALJ's assessment of plaintiff's credibility legally sufficient. The ALJ properly relied on the medical evidence, finding few, if any, clinical deficits to account for plaintiff's claim of serious functional limitations that would preclude all work activity. (AR 22.) While noting that plaintiff did report symptoms of fatigue, the ALJ found that plaintiff had "virtually no deficits in numerous physical examinations." (*Id.*) The ALJ noted that plaintiff was able to work in her garden for a number of hours without having problems with her arm (AR 20, 21), and later reported that she was back at work as a landscaper. She repeatedly reported pain levels of zero on scale of one to ten. (AR 20-22.) She traveled to Italy in October 2008 (AR 21) and Paris in June 2009 (AR 22). She was able to perform activities of daily living and manage a remodeling of her property. She attended Pilates class. (AR 22.)

As observed by the Commissioner: "[T]he ALJ's interpretation of [plaintiff's] testimony may not be the only reasonable one. But it is still a reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (lack of corroborating objective findings properly considered) (citing *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)).

<u>Lay Witness Testimony</u>

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving reasons germane to each witness. *See Smolen*, 80 F.3d at 1288-89 (finding rejection of testimony of family members because, *inter alia*, they were "'understandably advocates, and biased'" amounted to "wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not qualify as a reason germane to each individual who testified.") (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). *Accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.") "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Plaintiff notes that the ALJ did not discuss the written statements of J. Calloway, a

REPORT AND RECOMMENDATION
PAGE -11

social security employee (AR 150-53), or Liliana Schuler, plaintiff's mother (AR 166-73). The Commissioner concedes that the ALJ did not discuss the statements, but argues that any error was harmless, since no reasonable ALJ could reach a different disability determination. In response, plaintiff argues that the Commissioner's argument is a *post hoc* explanation and is contrary to Ninth Circuit law requiring reversal if the lay witness evidence is disregarded without comment. *Bruce v. Astrue*, 557 F3d 1113, 1115 (9th Cir. 2009).

The Commissioner's harmless error argument is not a *post hoc* explanation, but a correct statement of the law in this Circuit, which applies the harmless error rule to social security cases and, specifically, to the evaluation of lay witness evidence by the ALJ. *Stout,* 454 F.3d at 1050. *See also McLeod v. Astrue*, 634 F.3d 881, 887 (9th Cir. 2011) (citing *Shinski v. Sanders,* 129 S.Ct. 1696, 1706 (2009) ("[T]he burden is on the party attacking the agency's determination to show that prejudice resulted from the error.")). The Commissioner argues that neither lay witness statement was inconsistent with the ALJ's RFC finding. J. Calloway, a social security employee, observed during an interview of plaintiff that her only apparent physical limitation was a long sleeve on her arm that looked heavy and uncomfortable and that plaintiff appeared unable to bend or flex her arm or move her fingers while wearing the garment. The Commissioner argues that Ms. Schuler's statements, even if credited, would not lead to a different disability conclusion, as she stated that plaintiff's limitations did not significantly limit her ability to dress, shower, cook, do laundry, drive occasionally, attend yoga classes, and lift approximately five pounds with her right arm.

Plaintiff argues only that the ALJ's failure to discuss the statements requires reversal, but makes no argument that the error was harmful. The Court finds that this assignment of

REPORT AND RECOMMENDATION
PAGE -12

error fails.

## Residual Functional Capacity

At step four, the ALJ must identify plaintiff's functional limitations or restrictions, and assess his work-related abilities on a function-by-function basis, including a narrative discussion. *See* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96-8p. RFC is the most a claimant can do considering his or her limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of plaintiff's impairments, including those that are not severe, in determining RFC. § 404.1545(e); SSR 96-8p.

Plaintiff argues that the ALJ improperly determined her RFC. She contends the ALJ did not properly evaluate all the medical evidence, her testimony, or that of the lay witnesses.

As described previously, the Court does not find error in the ALJ's evaluation of plaintiff's testimony or the lay witness evidence. As to the medical evidence bearing on the assessment of her RFC, plaintiff argues that the ALJ should have included the opinions of Dr. Werner, Dr. Buchanan, Dr. Ellis, and Ms. Davis that she has not been able to use her right arm due to swelling and pain, and because use of her arm causes increased lymphedema. In response, the Commissioner argues that the ALJ has the responsibility of determining RFC, and no doctor's opinion is conclusive on this issue. The Commissioner argues that the ALJ's RFC determination is supported by substantial evidence, and reflects the testimony of the medical expert, Dr. Oguejiofor,[3] who opined that plaintiff could engage in a limited range of light work

---

[3] Dr. Oguejiofor's name was spelled phonetically by the court reporter as "Aringifore". (AR 35.) Although plaintiff argues that there is no evidence that Dr. Oguejiofor considered her testimony in formulating his opinion, the doctor testified at the administrative hearing, so it seems obvious that he heard and considered plaintiff's testimony. (AR 31.)

REPORT AND RECOMMENDATION
PAGE -13

01 with manipulative limitations involving occasional use of the right arm and occasional
02 fingering. (AR 71-72.)

The Commissioner further argues that plaintiff fails to offer any substantive analysis as to why the opinions of the other providers undermine the ALJ's RFC assessment, and contends that a review of the pages cited by plaintiff from the administrative record (AR 296, 378, 383, 627, and 733) do not support her contentions.[4] By way of example, the Commissioner cites Dr. Werner's February 2008 chart note wherein he noted plaintiff's subjective complaint that she was unable to work due to her lymphedema, but also noted that "[c]urrently she is feeling very well" and was experiencing only "mild lymphedema". (AR 296.) Dr. Buchanan's opinions about plaintiff's significant disability were made in the context of plaintiff's previous employment running a nursery, which was described as "a very physical job" requiring repetitive motions which exacerbated her symptoms. (AR 378.) Dr. Ellis felt that plaintiff was not able to continue to work as a gardener because it caused her lymphedema to worsen, but felt she would be a candidate for job training. (AR 382-83.) Likewise, Ms. David did not opine that plaintiff would be completely unable to work, and recommended she look into alternative career choices. (AR 627.) The Commissioner argues that none of these opinions undermine the ALJ's RFC assessment that plaintiff was capable of light work with additional limitations. Considering all of the above, the Court finds that plaintiff has not established error in the ALJ's RFC assessment.

Consistent with plaintiff's argument that the ALJ erred in finding her capable of

---

4 Plaintiff again incorrectly characterizes the Commissioner's argument in this regard as *post hoc* rationale. (Dkt. 19 at 11.) Plaintiff apparently misperceives her burden as the appealing party to show that any alleged error is prejudicial.

performing light work, she contends that she meets the requirements set forth in Medical-Vocational Rule 201.14, which would direct a finding of disabled for a claimant who has attained the age of fifty, with non-transferrable skills, is a high school graduate, and is limited to sedentary work. 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 2, Rule 201.14. However, because the Court does not find error in the ALJ's RFC assessment that plaintiff was capable of light work with additional limitations, this related argument is moot and need not be addressed.

### Vocational Expert Testimony

If plaintiff has demonstrated she has a severe impairment that prevents her from doing her past relevant work, she has made a *prima facie* showing of disability. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The burden then shifts to the Commissioner at step five to demonstrate that, in light of the claimant's RFC, age, education, and work experience, she can perform other types of work that exist in "significant numbers" in the national economy. *Id.*; 20 C.F.R. § 404.1520(f). An ALJ can determine this issue by calling upon a vocational expert (VE) for assistance. *Tackett*, 180 F.3d at 1100. In such a scenario, the ALJ must provide the VE with an accurate and detailed description of the claimant's impairments, as reflected by the medical evidence of record. *Id.* at 1101. An ALJ may, however, exclude restrictions in a hypothetical question that are not supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

In this case, the ALJ found plaintiff unable to perform her past relevant work as a wallpaper hanger, both as actually and as generally performed. (AR 23.) The ALJ asked the VE if jobs exist in the national economy which plaintiff would be capable of performing. The

VE identified the jobs of laboratory sample carrier, shipping and receiving weigher, and ticket taker, all of which were light and unskilled. (AR 24-25, 75-78.) Therefore, the ALJ found plaintiff not disabled.

Plaintiff argues the ALJ erred by failing to include all of her limitations in the hypothetical question posed to the VE, as described in her testimony and in the medical evidence from Dr. Werner, Dr. Buchanan, Dr. Ellis, and Ms. David. However, this Court has previously found that the ALJ did not err in the consideration of this medical opinion evidence, or in considering the credibility of plaintiff's testimony. *See Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1197 (9th Cir. 2004) (ALJ need not include in the RFC assessment properly discounted opinion evidence or claimant testimony) and *Thomas*, 278 F.3d at 956 (a hypothetical posed to a VE must include all of the claimant's functional limitations *supported by the record*) (citing *Flores v. Shalala*, 49 F.3d 562, 520-71 (9th Cir. 1995)).

Plaintiff also argues the ALJ erred by relying on VE testimony which deviated from the Dictionary of Occupational Titles (DOT). Plaintiff points to the VE's testimony that the jobs of laboratory sample carrier, shipping and receiving weigher, and ticket taker could be performed by a right-hand dominant individual who was limited to "only occasional use of her right hand for anything". (AR 75.) The VE also confirmed that this testimony was consistent with the DOT. (*Id.*) Plaintiff contends the jobs as described by the VE are not consistent with the DOT, contending that the laboratory sample carrier and ticket taker jobs both require frequent reaching and handling and occasional fingering, and the shipping and receiving weigher job requires frequent handling and occasional reaching and fingering, all of which would exceed the ALJ's hypothetical limiting the individual to only occasional use of the right

REPORT AND RECOMMENDATION
PAGE -16

arm. Plaintiff also argues the VE recanted the assertion that her testimony was consistent with the DOT.

Responding, the Commissioner argues that plaintiff fails to show a genuine unresolved conflict between the VE's testimony and the DOT. The VE clarified that there are variations between the specific DOT "recipe or prescription" for an occupation and "how it might actually be performed in the national economy". (AR 82.) Therefore, the Commissioner argues, any conflict between the VE's testimony and the DOT was adequately resolved.

The Court finds it necessary to remand this matter to allow the ALJ to clarify the step five finding. As required, the ALJ asked the VE if her testimony about the availability of alternative jobs was consistent with the DOT, and the VE answered in the affirmative. (AR 74); *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). *See also Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("We merely hold that in order for an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation.") However, on cross-examination, the VE testified that the jobs, as defined in the DOT, require more than occasional use of one arm, while explaining that the jobs as performed in the national economy vary from the DOT in that regard. (AR 82.) The ALJ did not address this disparity in the decision. While the ALJ may rely on the VE's testimony that conflicts with the DOT, the ALJ must determine "whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the *Dictionary of Occupational Titles.*" *Massachi,* 486 F.3d at 1153. Until the ALJ addresses this issue, this Court can neither determine whether the ALJ properly relied on the testimony of the VE or whether substantial evidence supports the ALJ's step five

finding. *Id*. at 1154 (vacating in part and remanding the case to allow the ALJ to make the required findings).

## Remand

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harmen v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 (noting "that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* Here, remand for further proceedings is appropriate to allow the ALJ to remedy the above mentioned errors. *Id.* at 1178.

## Reopening Earlier Disability Claim

Plaintiff contends that the ALJ *de facto* opened plaintiff's prior application for disability benefits by considering all of the evidence submitted as part of the earlier application, noting that the previous denial was less than one year prior to the filing of her current application. The Commissioner disagrees, arguing the ALJ made no specific findings regarding the issue of reopening the prior decision because the ALJ's decision was unfavorable for the time period in question. On remand, if the ALJ's decision relating to the period prior to January 26, 2010 is favorable to the plaintiff, the ALJ should make specific findings regarding the issue of

REPORT AND RECOMMENDATION
PAGE -18

reopening the prior application. 20 C.F.R. § 404.992.

## **CONCLUSION**

For the reasons set forth above, this matter should be remanded to allow the ALJ to clarify the basis for the step five finding.

DATED this 8th day of September, 2011.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -19